KASS v H. B. SHAINE & COMPANY, INC.

1. PARTIES—SPURIOUS CLASS ACTION—SEVERAL RIGHTS—COMMON RELIEF SOUGHT—COURT RULES.

   A spurious class action is one in which the rights enforced are several, but a common question of law or fact affecting the several rights predominates and a common relief is sought (GCR 1963, 208.1[3]).

2. PARTIES—SPURIOUS CLASS ACTION—NOTICE—DISCRETION OF TRIAL COURT—DUE PROCESS—COURT RULES.

   The giving of notice in a spurious class action is committed to the sound discretion of the trial court; however, this discretion must be guided by due process considerations (GCR 1963, 208.4).

3. PARTIES—CLASS ACTION—ABUSE OF DISCRETION—ACTUAL NOTICE—NOTICE BY PUBLICATION.

   It is required in a class action that actual notice be given to all members of the class where the potential class is limited in number and the names of the parties are readily ascertainable; therefore, it was an abuse of the trial court's discretion in a class action to limit notice to other class members to publication in local newspapers.

4. PARTIES—CLASS ACTION—COURT RULES—FEDERAL RULES OF CIVIL PROCEDURE.

   The Michigan General Court Rule pertaining to class actions is no longer, in all respects, merely a state version of its counterpart in the Federal Rules of Civil Procedure, although the fundamental framework remains common to both (GCR 1963, 208).

5. PARTIES—CLASS ACTION—NOTICE—OPT-IN NOTICE—AFFIRMATIVE ACTION—ABSENT CLASS MEMBERS.

   Opt-in notice, which requires that class members must take

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 59 Am Jur 2d, Parties § 51.
[3, 5, 6] 59 Am Jur 2d, Parties § 81.
[4] 59 Am Jur 2d, Parties § 56.

affirmative action to request inclusion in a class or they will be excluded therefrom, is the proper form of notice for class actions in Michigan courts, not opt-out notice as provided for in Federal courts; therefore the absent class members have the benefit of "one-way intervention"; if a decision is favorable to absent class members, they may then join in the class for the presentation of individual claims against the defendant, and if the decision is not favorable to their interests, and they have not joined the class suit, they are not legally bound by the findings of the court and are free to take legal action against the defendant in their individual capacity.

6. PARTIES—CLASS ACTION—NOTICE—INCLUSION OF COUNSEL'S NAME—SOLICITATION—ABUSE OF DISCRETION.

Inclusion of the plaintiff's counsel's name and address in notices in a class action mailed out to other members of a class is appropriate since that counsel represents the class, and such information in the notice can only be an aid to judicial administration and to proper representation and does not constitute solicitation; therefore, it was an abuse of a trial court's discretion to order that the notice should not include the name of the plaintiff's counsel where the judge felt that the inclusion of the counsel's name constituted solicitation.

Appeal from Muskegon, Charles A. Larnard, J. Submitted June 2, 1976, at Grand Rapids. (Docket No. 24044.) Decided September 7, 1976.

Complaint by Ronald K. Kass, custodian for Ronald L. Kass, under the Uniform Gift to Minors Act, on his own behalf and on behalf of all persons who purchased certain stock, against H. B. Shaine and Company, Inc., for the refund of the purchase price of unregistered stocks sold to each member of the class of persons who purchased the shares from the defendant. An order was entered limiting the notice to other members of the class to publication in local papers and refusing to allow the name and address of plaintiff's counsel to appear in the notice. Plaintiff appeals by leave granted. Reversed and remanded.

*Parmenter, Forsythe & Rude* (by *Steven G. Schember),* for plaintiff.

*Hillman, Baxter & Hammond* (by *Douglas W. Hillman* and *Michael D. Wade),* for defendants.

Before: DANHOF, C. J., and D. E. HOLBROOK and D. L. MUNRO,* JJ.

D. E. HOLBROOK, J. Defendant H. B. Shaine and Company, Inc., is a broker-dealer of securities whose main office is located in Grand Rapids, Michigan. On August 11, 1969, defendant sold in Michigan 100 shares of common stock in Performance Systems, Inc., to Ronald K. Kass, custodian for Ronald L. Kass, a minor, under the Uniform Gift to Minors Act, MCLA 554.451 *et seq.;* MSA 27.3178(241.21) *et seq.,* for the sum of $750. During 1969 defendant sold in Michigan 84,893 shares of common stock in Performance Systems, Inc., consisting of 526 separate transactions for prices per share varying from approximately $6 to $10. On June 30, 1971, plaintiff filed this action against defendant on his own behalf and on behalf of all the persons who purchased Performance Systems, Inc., stock in Michigan from defendant. The suit claims that defendant sold unregistered stock of Performance Systems, Inc., to plaintiff and the members of the class and demands that defendant refund the purchase price of the stock to each purchaser in accordance with MCLA 451.810; MSA 19.776(410). Defendant, both in its answer to plaintiff's complaint and in motions for summary judgment, claimed that the Performance Systems, Inc., stock sold by defendant in Michigan was exempt from registration for a number of reasons. Defendant also claims that plaintiff is not a proper repre-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sentative of the class and that this action was not, and is not, a proper class action. Defendant also raised several other defenses.

On November 29, 1974, the Circuit Court for the County of Muskegon *entered an order denying these motions for summary judgment and correctly ordered that this action proceed as a class action.* As a result of a pretrial conference held December 20, 1974, the court entered its order of February 5, 1975, directing the manner in which notice would be sent to the members of the class of the pendency of this action and outlining the basic contents of such notice. In essence, the order provided: (1) for publication of notice of the pendency of the action in the Grand Rapids Press and the Muskegon Chronicle, newspapers of general circulation in Kent and Muskegon Counties, and (2) that members of the class may intervene in this action if they so desire. The order further directs that notice shall not contain the name of plaintiff's counsel. The notice shall be published for an as yet unspecified period of time in these newspapers and would provide that the members of the class would have an as yet unspecified period of time in which to intervene in the action. After this period of time, all persons who had not intervened in the action would apparently be barred from recovery since the statute of limitations had run on their individual claims. The court would then review the action to determine whether or not a sufficient number of persons had asked to intervene to enable the action to proceed as a class action.

The court by order of November 29, 1974, denied plaintiff's motion to compel defendant to reveal the names and addresses of the persons to whom defendant sold Performance Systems, Inc., stock. The court also denied the petition of Vincent Daul,

another purchaser of Performance Systems, Inc., stock, to intervene in this action. Plaintiff applied for leave to appeal from the order entered February 5, 1975. Leave to appeal was granted by this Court.

I

The first issue raised concerns the sufficiency of notice to prospective members of the class in this class action. This case involves a "spurious" class action. A spurious class action is one in which the rights enforced are several, but a common question of law or fact affecting the several rights predominates and a common relief is sought. GCR 1963, 208.1(3). Under this rule the giving of notice is committed to the *sound* discretion of the trial court. GCR 1963, 208.4. In the instant case, the trial court concluded notice by publication was sufficient. However, we must conclude in the wake of recent decisions in the United States Supreme Court,[1] our own Supreme Court,[2] and recent commentaries[3] on due process considerations in giving of notice, that the trial court abused its discretion.

The recent decision in *Eisen v Carlisle & Jacquelin,* 417 US 156; 94 S Ct 2140; 40 L Ed 2d 732 (1974), required the giving of individual notice to all members of a class who can be identified through reasonable effort. Although this result could be distinguished on the basis that FR Civ P 23(c)(2), which controls notice in class actions,

[1] In particular, *see, Eisen v Carlisle & Jacquelin,* 417 US 156; 94 S Ct 2140; 40 L Ed 2d 732 (1974), *Mullane v Central Hanover Bank & Trust Co,* 339 US 306; 70 S Ct 652; 94 L Ed 865 (1950).

[2] Primarily, *Northview Construction Co v St Clair Shores,* 395 Mich 497; 236 NW2d 396 (1975), *reh'ng granted* 395 Mich 924 (1976), *Dow v Michigan,* 396 Mich 192; 240 NW2d 450 (1976).

[3] *See,* Comment, *Manageability of Notice and Damage Calculation in Consumer Class Actions,* 70 Mich L Rev 338 (1971).

expressly provides for "best notice practicable un-
der the circumstances, including individual notice
to all members who can be identified through
reasonable effort", we believe the decision in *Eisen*
also stood on due process foundations. The Court
notes:

"The Advisory Committee's Note to Rule 23 rein-
forces this conclusion. See 28 USC App, p 7765 [39 FRD
69, 98 (1966).] The Advisory Committee described subdi-
vision (c)(2) as 'not merely discretionary' and added that
the 'mandatory notice pursuant to subdivision (c)(2) . . .
is designed to fulfill requirements of due process to
which the class action procedure is of course subject.'
*Id.,* at 7768 [106–107]. The Committee explicated its
incorporation of due process standards by citation to
*Mullane v Central Hanover Bank & Trust Co,* 339 US
306 [70 S Ct 652; 94 L Ed 865] (1950), and like cases.
  "In *Mullane* the Court addressed the constitutional
sufficiency of publication notice rather than mailed
individual notice to known beneficiaries of a common
trust fund as part of a judicial settlement of accounts.
The Court observed that notice and an opportunity to
be heard were fundamental requisites of the constitu-
tional guarantee of procedural due process." 417 US at
173–174; 94 S Ct at 2150–2151; 40 L Ed 2d at 746.

We do recognize that the Michigan General
Court Rule is no longer in all respects merely a
state version of FR Civ P 23; there are variances.[4]
Nevertheless, the fundamental framework remains
common to both. The spurious class action was
designed to allow small claimants to have their
day in court, to consolidate their claims, and share
the cost of litigation. Justice Douglas noted in
*Eisen:*

"I agree with Professor Chafee that a class action

---

[4] *See,* Discussion, part II of this opinion for one example of a
variance between FR Civ P 23 and Michigan General Court Rule 208.

serves not only the convenience of the parties but also prompt, efficient judicial administration. I think in our society that is growing in complexity there are bound to be innumerable people in common disasters, calamities, or ventures who would go begging for justice without the class action but who could with all regard to due process be protected by it. Some of these are consumers whose claims may seem *de minimis* but who alone have no practical recourse for either remuneration or injunctive relief. * * *

"The class action is one of the few legal remedies the small claimant has against those who command the status quo. I would strengthen his hand with the view of creating a system of law that dispenses justice to the lowly as well as to those liberally endowed with power and wealth." 417 US at 185–186; 94 S Ct 2156–2157; 40 L Ed 2d at 753. Douglas, J. concurring. (Footnotes omitted.)

The trial court pursuant to GCR 806.3(3)(a) stated his reasons for limiting notice in this case. However, the trial court failed to recognize the fundamental purpose serviced by class actions. The trial court stated: "Personal notice to other purchasers by registered mail, for example, would be of no benefit to the present plaintiff who will recover whatever damages he is found to be entitled to regardless of the other members of the class." The trial court's emphasis is misplaced. The class action is designed to serve the interests of all those who have a common claim and to allow them to pursue their remedies.[5] In addition, plaintiff would benefit because he would not have to

---

[5] We are not unmindful of the fact raised by plaintiff, that apparently this action is the only remedy for members of the class since the statute of limitations has apparently run. We are not sure, however, that this is so but decline to resolve the question since it is unnecessary for this decision. *See, Eisen v Carlisle & Jacquelin, supra,* 417 US 176, n 13; 94 S Ct 2152, n 13; 40 L Ed 2d at 748, n 13, *Northview Construction Co v St Clair Shores,* 395 Mich at 517, n 11; 236 NW2d at 406, n 11. Nevertheless, this fact alone has no effect on this decision.

undergo the substantial costs of this litigation alone. The Court expressly recognized this consideration in *Eisen* where it states:

"A critical fact in this litigation is that petitioner's individual stake in the damages award he seeks is only $70. No competent attorney would undertake this complex antitrust action to recover so inconsequential an amount. Economic reality dictates that petitioner's suit proceed as a class action or not at all." 417 US at 161; 94 S Ct at 2144; 40 L Ed 2d at 739.

Furthermore, other members of the class may want additional counsel to aid in preparation or to lend their own thoughts and knowledge to the control of this litigation. The old maxim that "Two heads are better than one" is particularly applicable to legal matters such as this case involving substantial and complex issues considering Michigan Securities Law. Individually these claims may have been inconsequential. Collectively they are substantial.

The trial court also thought it unnecessary to consider more adequate notice because few other purchasers have shown any interest in this action. Lack of intervention is equally explained by lack of notice or by considering one's claim too small to pursue or for any number of other reasons. *Northview Construction Co v St Clair Shores,* 395 Mich 497, 513; 236 NW2d 396 (1975), *reh'g granted* 395 Mich 924 (1976). Our Supreme Court recently noted in *Dow v State of Michigan,* 396 Mich 192, 208; 240 NW2d 450 (1976):

"Notice by publication is not constitutionally adequate 'with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question. "Where the names and post-

office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mail to apprise them of its pendency." ' *Schroeder v City of New York, supra,* pp 212–213. [371 US 208; 83 S Ct 279; 9 L Ed 2d 255 (1962)]." (Footnotes omitted.)

See also, 417 US at 174, n 12; 94 S Ct at 2151, n 12; 40 L Ed 2d at 747, n 12. We also note that the motion to intervene by Vincent Daul, another purchaser, was denied. Daul apparently was a member of the class and denial of his motion appears unjustified. GCR 1963, 209.

The court is entitled to some discretion in determining adequacy of notice in class actions. This must be so. Nevertheless, that discretion must be guided by due process considerations. Where the parties and the court are unable to locate all potential members of a class or are unable to do so except at extremely prohibitive cost[6] or delay, the trial court may in its discretion consider alternatives. But here, where the potential class is limited in number and the names and addresses of the parties are readily ascertainable,[7] it is required that actual notice be given to all members of the

---

[6] We refuse to elaborate on this possibility. We do take note of *Eisen, supra,* where the cost of notice was in excess of $225,000. This was due to the large number of members of the class involved, however, rather than difficulty in ascertaining who the members were. However, this may be an instance where the state and Federal rules could vary. We leave this to be resolved in the future as necessity dictates.

[7] Apparently defendant is required by the administrative rules of the Securities Bureau, 1968 AACS, 451.603.1 to maintain records showing to whom securities are sold, the number of shares sold, price per share and similar information, so that defendant would be able to identify each of the 526 transactions in which Performance shares were sold in Michigan. We also expressly note that an officer *of defendant* by affidavit stated that purchasers were scattered throughout the entire State of Michigan with a few purchasers in various parts of the country. How these purchasers would receive notice from publication in two newspapers of local circulation, Grand Rapids Press and the Muskegon Chronicle, is not apparent to us.

class. This has been expressly recognized by our Supreme Court in *Northview Construction Co, supra,* at 514; 236 NW2d at 404, where the Court stated:

"On remand, however, the circuit court narrowly read the Court of Appeals opinion with the consequence that only a limited notice by a publication was served on the class. This latter notice was not reasonably calculated in this case to reach the absent class members and was inferior to other methods of the notice that could have easily been ordered by the court. With the information that was available in the city's records, the court could have, for example, markedly increased the chances of reaching the class by ordering a simple notice by mail."

The Supreme Court suggested the following course of action:

"In this regard we believe that plaintiffs' counsel should have made a motion to settle the class and to discover the names and addresses of absent class members shortly after the action was commenced. Kratchman, *Class Actions in Michigan,* 53 MSBJ 175, 178 (1974). Counsel then could have sought court approval for some type of individual notice." *Northview Construction, supra,* at 514, n 7; 236 NW2d at 404, n 7.

This is exactly what plaintiff sought to do here, yet the court refused to grant his motion. The court was in error in rejecting such motion.

## II

Plaintiff contends that the trial court erred in providing for an opt-in form of notice instead of an opt-out type of notice as provided for in amended FR Civ P 23. Opt-in notice requires that the class members must take affirmative action to request

inclusion in the class or they will be excluded therefrom. Opt-out notice provides that members of the class are part of the class unless they request exclusion therefrom.

GCR 1963, 208.4 provides that if notice is required by the court that notice may advise "the absent parties that they may come and present claims and defenses if they so desire". This must be compared with FR Civ P 23 which expressly provides that members of the class are part of the class unless they request exclusion. For a time there was some dispute as to whether these two provisions were different or whether they could be construed as being the same. *Northview Construction, supra,* apparently resolved the dispute where the Court stated:

"In reviewing adequacy of representation under GCR 1963, 208.1(3) our courts should limit themselves to a reasonable inquiry into the issue. Under a GCR 1963, 208.1(3) spurious class action, as under former FR Civ P 23 after which it was modeled, absent class members are not normally bound by the judgment of the court unless they affirmatively intervene in the suit. The absent class members have the benefit of 'one-way intervention'. They may silently await the final decision of the court. If that decision is favorable to their interests, they may then join in the class for the presentation of individual claims against the defendant. If, conversely, the decision is not favorable to their interests, and they have not joined the class suit, they are not legally bound by the findings of the court and are free to take legal action against the defendant in their individual capacity. *American Pipe & Construction Co v Utah,* 414 US 538, 546–549; 94 S Ct 756; 38 L Ed 2d 713 (1974); *Minnesota v United States Steel Corp,* 44 FRD 559, 574–575 (D Minn, 1968)." 395 Mich at 508, n 4; 236 NW2d at 401–402, n 4.

We consider this declaration to be determinative

of the issue and hold that the trial court's action was permitted.

## III

Plaintiff contends that the trial court abused its discretion by ordering that notice shall not include the name of plaintiff's counsel. The trial court justified its decision because it felt that class actions should not be used "as a device to enable client solicitation". Once again we feel that the court's misunderstanding as to the nature of a class action has led to this unfortunate conclusion. As discussed in part I of this decision, the class action device used to preserve small claims is designed to insure that a small claim is not denied access to the courts because of its insignificant size and the resulting diseconomy of recovery. It is important to realize in this instance that the named party and their counsel represent the non-named parties. Therefore, counsel, in effect, already represents the non-named parties. As the Court in *Northview, supra,* noted:

"Implicit in every class action is the issue of adequacy of representation. Since the representatives seek to litigate issues on behalf of the absent class members, the courts must determine if the representatives are members of the class and capable of properly representing it." 395 Mich at 508; 236 NW2d at 401.

We recognize that solicitation has been soundly condemned by the public, the bar, and the bench. Judicial treatment of solicitation has ranged from condemning such brazen action as involving moral turpitude to merely recognizing it as inimical to the bar. Annotation, *"Ambulance chasing" or similar solicitation of personal injury cases as ground*

*for disbarment, suspension, or other disciplinary action,* 67 ALR2d 859, 867. Law students have been severely warned to refrain from such conduct and to see that their compatriots are also restrained. It may well be that the bench has been "over zealous" in finding "solicitation" where it did not exist. Limited advertising approval by the ABA has also indicated a "softening" of legal attitudes toward related conduct.

Perhaps problems of adequacy of representation of a class would dissipate somewhat if all members of a class had adequate notice of who their party representatives and counsel were. We would remind the parties that additional intervenors have the right to counsel of their own choice and perhaps should be more aware of that fact. Nevertheless, the class action is designed to allow parties to share expenses of litigation including counsel fees. Our Supreme Court has recognized the importance of adequate counsel to represent the class in *Northview.* The Court stated:

> "The crucial role played by counsel in a class action should not be overlooked or underemphasized. The professional obligation *to represent the class* plus the prospective monetary award for successfully doing so make counsel an important force with a continuing interest in the litigation." 395 Mich at 512; 236 NW2d at 403. (Emphasis supplied.)

We believe that counsel in a class action represents the class and that the evils of "solicitation" do not exist. Advising the class of who their tentative representative is while litigation is pending can only be an aid to judicial administration and to proper representation and does not constitute solicitation. We therefore determine that the trial court's reliance on solicitation as preventing the

names of plaintiff's counsel to appear in the notice was error.

We conclude that notice provided for in this action was inadequate. Notice to the purchasers involved in each transaction of Performance Systems, Inc., shares sold in Michigan by defendant was reasonably possible and required. The inclusion of the name and address of plaintiff's counsel in that notice was appropriate. Opt-in notice is a permissive form of notice in a spurious class action. We also fail to see any reason for a denial of the petition of Vincent Daul, one of the purchasers of the stock, to intervene in this action.

Reversed and remanded for an appropriate order. The order on remand to provide for plaintiff to give notice to the absent members of the class by first-class mail and to give the absent members 60 days in which to opt-in, if they so desire. Costs to plaintiff.